# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HUMBERTO FLORES, <br> Plaintiff, <br> v. <br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br> Defendant. | Case No. CV 16-03407 RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I. INTRODUCTION

Plaintiff Carlos Humberto Flores ("Plaintiff") challenges the Commissioner's[1] denial of his application for disability insurance benefits ("DIB").

On June 5, 2017, the Court issued a Report and Recommendation recommending that the Commissioner's decision be reversed and that this matter be remanded for further administrative proceedings. The following day, on June 6, 2017, Plaintiff filed a Statement of Consent to Proceed before a United States Magistrate Judge. (Dkt. No. 19.) The Commissioner's Consent was filed on July

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill, the current Acting Commissioner of Social Security, is hereby substituted as the defendant herein.

12, 2016. (Dkt. No. 11.) Pursuant to 28 U.S.C. § 636(c) and Local Rule 73-3, the filing of Plaintiff's Consent conferred upon the Court the authority to handle this matter for all purposes, including entry of judgment.

For the reasons stated below, the decision of the Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this Order.

## II. **PROCEEDINGS BELOW**

On August 2, 2012, Plaintiff applied for DIB alleging disability beginning July 31, 2009. (Administrative Record ("AR") 195-96.) His application was denied initially on February 5, 2013, and upon reconsideration on June 18, 2013. (*Id*. at 79-111, 122-27, 130-36.) Plaintiff requested a hearing, and a hearing was held on October 1, 2014. (*Id*. at 10-56, 138-39.) Represented by a non-attorney representative, Plaintiff testified, along with an impartial vocational expert ("VE"). (*Id*. at 13-56, 64.) At the hearing, Plaintiff amended the alleged disability onset date to July 2011. (*Id*. at 39-41.) On October 14, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] from July 31, 2009, through the decision date.[3] (*Id*. at 73.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*Id*. at 1-9.) Plaintiff filed this action on May 17, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (AR 66.) At **step two**,

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

[3] It appears that the ALJ overlooked the amended disability onset date.

2

the ALJ found that Plaintiff has the severe impairments of degenerative disc disease of the lumbar spinal area, diabetes mellitus, and status post facial fracture. (*Id*. at 66.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 68.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but cannot climb or walk on uneven terrain." (AR 69.) At **step four**, the ALJ found that Plaintiff is able to perform past relevant work as a machine packager as actually and generally performed. (AR 72-73.) In the alternative, at **step five**, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can also perform. (AR 73.) Accordingly, the ALJ found that Plaintiff was not disabled. (AR 73.)

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from

the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. **DISCUSSION**

Plaintiff raised three issues in his appeal. First, he contends that the ALJ improperly assessed his RFC and his ability to perform past work at step four and other work at step five. Second, Plaintiff contends that the ALJ erred in evaluating the medical opinion evidence. Third, Plaintiff contends that the ALJ failed to properly consider Plaintiff's testimony and make proper credibility findings.

### A. **Remand is Warranted Because the ALJ Erred at Steps Four and Five**

Plaintiff argues that the ALJ erred at steps four and five. (Joint Stipulation ("Joint Stip.") at 11-19.) Regarding the ALJ's step four finding, Plaintiff argues that the VE never testified whether Plaintiff could perform the machine packager job as actually or generally performed, and that the VE's testimony conflicts with the DOT regarding Plaintiff's English language limitations. (*Id*. at 11-13.) The Commissioner concedes that the ALJ erred, but argues that the error was harmless. (*Id*. at 22.) The Court concludes the error was not harmless.

The VE testified that a person with Plaintiff's RFC could perform the machine packager job. (AR 46.) Although the ALJ stated in the decision that the VE testified that a hypothetical person with Plaintiff's RFC could perform the

4

machine packager job as actually and generally performed, Plaintiff correctly argues that the VE did not specify whether the job could be actually or generally performed. (*Id*. at 46, 72-73.) It appears, however, that the VE was testifying as to how the job was generally performed because he referred to how it was classified in the DOT.[4] (*Id*. at 46.)

Plaintiff's past relevant work as a machine packager as generally performed specifies Level 1 language skills, which is the lowest level in the DOT. (DOT 920.685-078.) Level 1 language skills require that a person recognize the meaning of 2,500 (two- or three-syllable) words, read at a rate of 95-120 words per minute, and compare similarities and differences between words and between series of numbers; print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses; and speak simple sentences, using normal word order, and present and past tenses. (*Id.*)

At the hearing, Plaintiff testified in Spanish through an interpreter, although when asked whether he understood a lot of what the ALJ was saying, he replied, "I understand. Si, entiendo, señor." (AR 13, 21.) He testified that he could speak and understand a "little bit" of English, and he could understand the orders he was given at work. (*Id*. at 13-15.) He also testified that he filled out forms when he worked as a machine packager. (AR 21.) He testified that he completed eight years of school in Honduras. (*Id*. at 45.) In the Disability Report, Plaintiff indicated that he could not speak, read or understand English; he could not write more than his name in English; and he preferred Spanish. (*Id*. at 218.) Plaintiff was provided a Spanish interpreter for his evaluation with Dr. Colonna, but he told Dr. Colonna that he enjoys the news and soap operas in both Spanish and English. (*Id*. at 327-28.) In

---

[4] Plaintiff further argues that he could not perform the machine packager job as actually performed because it required him to climb for two hours, which was beyond his RFC. (Joint Stip. at 124.) This is further reason to believe that the VE was testifying as the job was generally performed, and that the ALJ erred in finding that Plaintiff could perform the machine packager job as actually performed.

the Valley Community Healthcare records, his preferred and primary language is noted to be Spanish. (*Id*. at 352, 356.)

At the hearing, the VE was present when the ALJ noted that Plaintiff completed eight years of school in Honduras, "speaks mostly Spanish, or communicates mostly in Spanish, but also does some in English." (AR 45.) When asked if there was past work for a hypothetical person with no exertional limits and no climbing or walking on uneven terrain, the VE testified that such a person could perform the machine packager job. (*Id*. at 46.) It is unclear whether Plaintiff's language ability was included in the hypothetical. Even assuming it was included, the ALJ did not define "some in English." Furthermore, the ALJ failed to ask the VE to explain the effect of Plaintiff's limited English skills, if any, on his ability to perform his past relevant work. As a result, the VE failed to account for any deviation from the language level requirement for the machine packager job, and thus the VE's testimony could not serve as substantial evidence in supporting the ALJ's determination. Moreover, the ALJ failed to make a language finding in the decision, despite recognizing at the hearing that Plaintiff had English language limitations, and failed to provide an explanation for accepting the VE's deviation from the DOT. These failures make it difficult for the Court to review the ALJ's analysis and his related finding that Plaintiff could perform his past relevant work, since his language abilities may deviate from that required by the DOT for the position.

The Commissioner argues that the error was harmless because the record evidence shows that Plaintiff performed the machine packager job for 17 years; he could understand orders given to him at work in English; he could relay orders and fill out paperwork; and other past work included labor crew supervisor, which has a language Level 3, and a truck driver, which has a language Level 1. (Joint Stip. at 23 (citing DOT 899.131-010; DOT 902.683-010)). Courts have rejected similar arguments. *See, e.g., De Avila v. Colvin*, 2015 WL 5680315, at *3 (C.D. Cal. Sept.

25, 2015) (rejecting argument that VE's testimony was supported by substantial evidence where claimant worked as a housekeeper for over a decade, even if she could only speak Spanish); *Mora v. Astrue*, 2008 WL 5076450, at *4 (C.D. Cal. Dec. 1, 2008) (finding that the "conclusory statement" that the claimant was able to work as a hotel maid in the past shows that she would be able to perform a similar light level job, despite illiteracy, "is not persuasive evidence to support a deviation from a DOT requirement"). Although Plaintiff's past ability to work as a machine packager despite his limited English skills may be "a testament to [his] employability," the ALJ must nevertheless offer an explanation for the deviation.[5] *See DeAvila*, 2015 WL 5680315, at *3 (citing *Pinto*, 249 F.3d at 847); *see also Ordonez v. Colvin*, 2014 WL 4589931, at *5 (C.D. Cal. Sept. 15, 2014) (remanding where ALJ did not address claimant's English limitations in the decision and did not provide a definitive explanation for accepting the VE's deviation from the DOT in determining that claimant could perform past relevant work with Language Levels 1 and 2).

Accordingly, remand is warranted at step four. The ALJ's step five finding suffers from the same errors, as the jobs identified require Level 1 or 2 language abilities, and the ALJ did not offer an explanation for the deviation.[6]

---

[5] The Commissioner argues that illiteracy does not result in *per se* disability. (Joint Stip. at 23-24.) The Ninth Circuit has recognized that although there is not a *per se* disability arising from illiteracy, the ALJ must definitively explain a deviation from the DOT requirements. *See Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) (remanding in part to determine how claimant's language skills factor into the disability determination).

[6] To the extent the Commissioner contends that Plaintiff waived any challenge to the VE's testimony at step five, the contention lacks merit. *See Alba v. Berryhill*, 2017 WL 1290484, at *3 (C.D. Cal. Apr. 4, 2017) (finding no waiver of step five claim because counsel failed to question the VE about potential conflict with DOT at administrative hearing). In addition, to the extent that Plaintiff contends that the Grids direct a finding that Plaintiff is disabled as of age 55, the contention lacks merit because the RFC does not include the use of a cane and/or a limitation to light work.

**B.  Remaining Issues**

Because the Court concludes that the ALJ erred in relying on the VE's testimony at steps four and five, the Court does not decide whether the other issues in the Joint Stipulation would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

**C.  Remand for Further Administrative Proceedings**

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id*. (citation omitted).

Here, remand for further administrative proceedings is appropriate. On remand, the ALJ shall explicitly consider Plaintiff's English literacy when determining his ability to perform past relevant work or other work, and explain any deviation from the DOT. The ALJ is instructed to take whatever further action is deemed appropriate and consistent with this decision.

///
///
///

## V. CONCLUSION

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING this matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: June 20, 2017

*/s/ Rozella A. Oliver*
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE